## Hughes v. Taylor.

### Action for Use and Occupation of Land.

*Bill of exceptions; how construed.* — A party introducing evidence on the exam-
ination in chief, or drawing it out on cross-examination, thereby affirms its admis-
sibility, and cannot afterwards move to exclude it; and in the absence of recitals
in the bill of exceptions showing to the contrary, it will be presumed, to sustain
the ruling of the court below, that the evidence was offered by the party ex-
cepting.

APPEAL from Circuit Court of Baldwin.

Tried before Hon. JOHN ELLIOTT.

The appellee, Sarah Taylor, brought this action against ap-
pellant, T. J. Hughes, for use and occupation of land, and re-
covered judgment in the court below for one hundred and
twenty-five dollars.

According to the bill of exceptions reserved on the trial, but
not professing to set out all the evidence, the plaintiff testified
that when she first knew the lands they belonged to one De
Lauie, whom she boarded, he agreeing to pay her in land. He
died without having made payment, and she presented an ac-
count to his administrator, who sold the land for the pay-
ment of the debt, which was the only one presented, and one
Blood Taylor, with whom plaintiff lived many years as his
wife, as plaintiff's agent, bid off the land for her, but took a
deed in his own name. Since De Lauie's death plaintiff has
been in possession. Wilkins, who was De Lauie's administra-
tor, testified " that Taylor bought the land, bidding as plain-
tiff's agent; he paid no money except the costs, but receipted
plaintiff's account." The bill of exceptions then recites that
" the deed from Wilkins to Taylor was made to Blood Taylor
alone; on its face plaintiff's name was not mentioned. The
deed bears date in 1869, a copy of it was recorded and was read
to the jury. Blood Taylor, on the day the deed was executed to
him, mortgaged the land to McGuire, and said mortgage is still
unpaid. The deed to B. Taylor (which is not set out) was
absolute on its face. The defendant moved to take from the
jury all the evidence of the plaintiff tending to show in her an
equitable title against Blood Taylor, and because it tended to
add to and contradict the face of the deed read by the plain-
tiff. This the court refused, and the defendant excepted.
Wilkins further testified that he had known the land for many
years and as far back as the year 1836. The father of De
Lauie, of whom plaintiff spoke, was once in possession, and
after the father the son remained in possession, and after his
death the plaintiff remained in possession. Wilkins further
testified that it was the verbal understanding between him and

[Hughes v. Taylor.]

Taylor that Taylor was bidding for plaintiff, and therefore the deed was made to him, without payment of the bid. As to the verbal understanding, and the reasons of making the deed to B. Taylor, the defendant objected."

The rulings of the court, to which exceptions were reserved, are now assigned as error.

GOLDTHWAITE & TAYLOR, for appellant, cited *Jones* v. *Trawick* (31 Ala. 356), and *Bragg* v. *Massie* (38 Ala. 106), to show the inadmissibility of the evidence objected to. They contended that a proper construction of the bill of exceptions would not authorize the presumption that appellant had introduced or drawn out the evidence to which he objected — laying stress on the fact that the first objection was to " *all of the evidence of the plaintiff*," &c. They cited on this point 42 Ala. 158 ; 24 Ala. 274.

E. S. DARGAN, *contra*.

BRICKELL, C. J. — A bill of exceptions is construed most strongly against the party excepting. All reasonable presumptions are indulged to support the rulings of the primary court. It does not appear from the bill of exceptions which party introduced the witnesses testifying to the facts supposed to be inadmissible ; nor whether these facts were drawn out on the examination of the plaintiff or defendant. It appears only that the appellant moved the exclusion of the evidence after it had been given ; that the motion was overruled, and he excepted. If the evidence was offered by the appellant, whether on an examination in chief or drawn out by him on a cross-examination, he could not move its exclusion. *Edgar* v. *Mc-Arn*, 22 Ala. 796 ; *Furlow* v. *Merrill*, 23 Ala. 705. Introducing it on an examination in chief, or drawing it out on cross-examination, is a concession of its admissibility. If it was found subsequently to operate against him, he could not deprive his adversary of the right to use it, and its introduction is his own act, of which he cannot complain. It is not inconsistent with any fact stated in the bill of exceptions, to presume the evidence was drawn out by the appellant. If the fact was otherwise, it should have been stated. Presuming in support of the rulings of the circuit court the evidence was introduced by the appellant, there was no error in refusing its exclusion. The judgment is affirmed.